UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA S. DUMAS,

     Plaintiff,

v.

KELLY SERVICES, INC.,
JOHN NICHOLSON,
TRACI HOPPER,
DAVID EAGER,
RICK PATTERSON,
POTTER, DEAGOSTINO, O'DEA &
PATTERSON, AND
FLINT TOWNSHIP POLICE
DEPARTMENT,

     Defendants.

Case No. 15-cv-13511
Honorable Laurie J. Michelson

---

**OPINION AND ORDER CONDITIONALLY DISMISSING THE COMPLAINT**

---

Lowana Dumas filed a pro se complaint alleging employment discrimination and numerous other federal and state laws that Defendants allegedly violated. (*See* Dkt. 1, Compl. at 2.) She utilized a form complaint for Title VII claims. (*See generally* Compl.) Paragraph 11 of the form requires the Plaintiff to affirm that a "copy of my charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim." (*Id*.) Here, however, the EEOC charge is not attached. Thus, Plaintiff's Complaint consists of mere conclusory statements. This presents an issue because Dumas has requested (Dkt. 2), and the Court will grant, Dumas the right to proceed without prepayment of fees and costs. And when a plaintiff is granted such a request, a court must dismiss the complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Hill v.*

*Lapin*, 630 F.3d 468, 470–71 (6th Cir. 2010); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

That is the case here. The factual matter of Dumas's complaint comprises of only the following: (1) "Future employment was promised and opportunities which plaintiff was qualified for were available, but plaintiff was denied any further employment" and (2) "Employment was terminated following request for accommodations." This does not provide enough factual background to make it plausible that Defendants violated the dozen or so state and federal laws that Dumas lists in her complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks and citation omitted)). For instance, Dumas's complaint does not say which defendant made the alleged promises, what that defendant promised, how that defendant broke its promise, and how that broken promise violated the law.

The Court thus orders as follows. Dumas's application to proceed without prepayment of fees and costs (Dkt. 2) is GRANTED. Dumas has until December 18, 2015 to file an amended complaint setting forth facts making it plausible that each defendant is liable. In drafting her amended complaint, Dumas should be mindful that the Federal Rules of Civil Procedure require that allegations be pled in good faith and that it is possible that not all legal theories apply to all defendants. If an amended complaint is not filed by December 18, 2015, this case will be DISMISSED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  November 23, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 23, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson