UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

        Plaintiff,                  No. 15-13511

v.                                   District Judge Laurie J. Michelson
                                   Magistrate Judge R. Steven Whalen

KELLY SERVICES, INC., ET AL.,

        Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Third Amended

Complaint for Failure to Comply with the Court's Orders Regarding Discovery [ECF No.

88], which has been referred for a Report and Recommendation under 28 U.S.C. §

636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED

as to the request for dismissal, but GRANTED as to lesser sanctions.[1]

---

[1] In *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514 -515 (6th Cir. 2001), the Sixth Circuit held that "[i]n determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation." It could be argued that because I would impose a functionally non-dispositive sanction short of dismissal, I could proceed by Opinion and Order rather than Report and Recommendation. However, in *United States v. Stone*, 2006 WL 2077579, at *2 (W.D. Mich. July 24, 2006), the Court found that it was the *potential effect* of a motion, not the ultimate decision that, under *Vogel*, controls whether it is dispositive or non-dispositive. ("It is immaterial that Judge Carmody's denial of Defendants' Motion for Stay of Civil Proceedings avoided any dispositive rulings on Plaintiff's request for a preliminary

I.   FACTS

This case has a lengthy and tortured procedural history.  On October 7, 2015,

Plaintiff, who then went by the name Lowana S. Dumas, filed a *pro se* civil complaint

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-5, alleging employment

discrimination based on race, gender, and disability under the Americans with Disability

Act ("ADA").  ECF No. 1. On November 23, 2015, the Court dismissed the complaint as

facially deficient, but granted Plaintiff leave to file an amended complaint by December

18, 2015.  ECF No. 5.  Plaintiff, who now had adopted the name Sovereign O'Dell, filed

her first amended complaint on that date. ECF No. 6, raising 10 counts, including

violations of Title VII and the ADA.  On May 12, 2016, the Court ordered Plaintiff to file

a second amended complaint naming "Officer Rye" as a Defendant and removing the

reference to "unknown police officer."  ECF No. 22.  On May 23, 2016, Plaintiff filed her

second amended complaint.  ECF No. 24.

Motions to dismiss were filed by the Flint Township Police and Officer Rye [ECF

No. 30] and the Defendants associated with Kelly Services [ECF No. 37].  In addition to

responding to the motions, Plaintiff filed a number of her own motions, including motions

to strike and motions for sanctions, as well as "offers of judgment."  On November 30,

2016, the Court stayed motion practice and briefing, noting that the dispositive motions

---

injunction. *Vogel's* functional analysis gauges the potential effect on the litigation, as
opposed to what actually transpired."). I therefore proceed by Report and
Recommendation under 28 U.S.C. § 636(b)(1)(B).

were filed, "[y]et in the past month extensive motion practice and responsive briefing has taken place–much of it not supported by the Federal Rules of Civil Procedure."  ECF No. 51, PageID.705.

On February 21, 2017, the Court granted the Flint Township motion to dismiss, and granted in part the Kelly Defendants' motion for judgment on the pleadings.  ECF No. 54.  On March 18, 2017, Plaintiff filed her third amended complaint [ECF No. 60]. On April 7, 2017, Defendants filed a motion for partial dismissal [ECF No. 63], which the Court granted in part on January 31, 2018 [ECF No. 67].  The scheduling order entered on July 2, 2018 set a discovery cut-off date of February 1, 2019 [ECF No. 77].  Following a telephonic status conference with the undersigned Magistrate Judge, the scheduling order was extended to provide a discovery cut-off of April 2, 2019 [ECF No. 82]. Because (as set forth in Defendants' attorney's declaration, set forth below) the Plaintiff asserted that she had sent responses to Defendants' discovery requests to former counsel, I ordered Defendants to re-serve those requests, and for Plaintiff to respond within 30 days. *Id*.

On March 20, 2019, counsel appeared on Plaintiff's behalf [ECF No. 83].

Appended to Defendants' motion is the Declaration of Julia Pozo, their counsel. ECF No. 88-1, PageID.1012-1016.  Attorney Pozo states that on November 9, 2018, Defendants served discovery requests (interrogatories and document requests) on Plaintiff, but had not received a response by the due date of December 12, 2018. When

asked about this, Plaintiff emailed that she would serve responses within the next day. *Pozo Declaration*, ¶¶ 3-4.[2]  On December 26, 2018, Defendants' prior counsel emailed Plaintiff inquiring why Defendant has still not received responses.  On that day, Plaintiff produced some documents, but stated that she was not obligated to respond to the interrogatories because she had responded to previous counsel in July of 2016.  *Id.* ¶¶ 5-6.

Attorney Pozo states that she confirmed with prior counsel that Plaintiff in fact had not responded to the discovery requests. *Id*. ¶ 7.  Following further fruitless discussion between Attorney Pozo and Plaintiff, the undersigned held a telephonic conference with them on January 17, 2019, following which I entered the order requiring re-service of the discovery requests and directing Plaintiff to respond within 30 days. ECF No. 82. Defendants re-served the discovery requests on January 17, 2019. Plaintiff failed to timely respond. *Id*. ¶¶ 11-12, but on February 13, 2019 notified Attorney Pozo that she had retained counsel. *Id*. ¶ 13.

Attorney Pozo subsequently spoke with Plaintiff's attorney, who requested and was granted an additional two weeks to serve responses.  He did not do so.  In a subsequent conversation, he told her that he would serve Plaintiff's discovery responses no later than March 22, 2019.  He did not do so.  *Id*. ¶¶ 14-15.  The Court then held another telephonic conference, this time between Attorney Pozo and Plaintiff's counsel, which culminated in an April 9, 2019 order extending discovery [ECF No. 85].  That

---

[2] The email chains are appended to Attorney Pozo's Declaration as exhibits.

-4-

order stated as follows:

> "Plaintiff will comply with Defendant's outstanding discovery requests, as set forth in the Court's Order of January 18, 2019 [Doc. #82] within 14 days of the date of this Order. Because more than 30 days have passed since the responses were due, Plaintiff has waived any objections to the discovery requests.
>
> Plaintiff's failure to comply with this Order, or with any discovery order, will result in sanctions, which may include monetary sanctions and/or dismissal of the complaint." ECF No. 85, PageID.977.

Attorney Pozo states that Plaintiff served unsigned interrogatory answers on April 17, 2019, and that there were other deficiencies in her responses. Between April 23, 2019 and May 5, 2019, Plaintiff produced additional documents. *Id*. ¶¶ 17-18.

Plaintiff was deposed on May 6 and 7, 2019, at which time she testified to a number of documents she had either not searched for or not produced. *Id*. ¶ 19.[3] When Plaintiff was again deposed on June 3, 2019, she testified that she had not searched for documents to support her claim that she was terminated from subsequent employment as a result of Defendant Kelly's actions. *Id*. ¶ 20. Plaintiff also testified that she had prepared notes when she was proceeding *pro se*, that the notes were "in a storage area in her home," and that she had not produced them. She also testified that the notes would refresh her recollection regarding her allegations and damages. *Id*. ¶ 21.[4]

---

[3] The relevant deposition transcript pages are appended to the Pozo Declaration as Exhibit N.

[4] The relevant deposition transcript pages from the June 3, 2019 deposition are appended to the Pozo Declaration as Exhibits O and P.

After the conclusion of the June 3rd deposition, Attorney Pozo conferred with Plaintiff's counsel, and asked that the documents be produced no later than June 5, 2019. On that day, Plaintiff's counsel sent an email stating that he would produce the missing documents by the morning of June 6th. Attorney Pozo states that as of the time of filing the present motion, Plaintiff has not produced the documents. *Id* ¶ 22. Nor has she provided signed answers to the interrogatories. *Id*. ¶ 23.

## II.   LEGAL PRINCIPLES

Fed.R.Civ.P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion.  *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643, (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir.1988).

Dismissal is a severe sanction. Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment [and by implication dismissal of a complaint]

is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. See also *Bank One of Cleveland, N.A. v. Abbe, supra* at 1073.

## III. DISCUSSION

### A. Willfulness, Bad Faith, or Fault

While we give *pro se* litigants a certain amount of leeway in prosecuting their cases–for example, their pleadings are liberally construed–they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders. The Plaintiff has failed miserably in that regard, and it is difficult to characterize her many deficiencies as anything other than willful and in bad faith. She has repeatedly disregarded discovery deadlines, even after those dates were extended and even after the Court took the time to hold telephonic conferences in which her obligations were clearly explained. She apparently has the wherewithal to file numerous and spurious motions to strike and motions for sanctions, but is unwilling to provide signed interrogatories or undertake a diligent search for documents. Indeed, even

-7-

after she retained counsel, it was revealed at her depositions that she in fact possessed responsive documents in some "storage area" in her home but failed to search for them. And following her attorney's promise to produce the documents, they have not been produced.

As Attorney Pozo points out in her Declaration, at ¶ 25, the Plaintiff has brought numerous cases in this Court under her previous name of Lowana S. Dumas. All were dismissed, and at least two were characterized as frivolous.[5]  Plaintiff is an experience *pro se* litigator, and testified at her deposition that she had attended two years of law school classes. *Pozo Declaration Exhibit R.*  She should know better, and while she has a right to bring valid claims before the Court, with or without a lawyer, she cannot flout the rules with impunity.

This factor weighs in favor of the Defendants.

## B.   Prejudice to Defendants

It should go without saying that a defendant in a civil case cannot mount an effective defense if not provided with discovery from the Plaintiff.  In *Harmon*, the Court noted that a party is prejudiced when "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the responding party] as legally obligated to provide."  *Id*. 110 F.3d at 368.  The Defendant has endured significant time and expense in order to obtain discovery. No litigant should

---

[5] *Dumas v. United States*, No. 09-13155; *Dumas v. Farah*, 13-14055.

have to navigate the roadblocks that Plaintiff has thrown in Defendants' path.

## C.    Previous Warning

In my order of April 9, 2019 [ECF No. 85,  PageID.977], I warned the Plaintiff

that she would be sanctioned for failure to comply:

> "Plaintiff's failure to comply with this Order, or with any discovery order,
> will result in sanctions, which may include monetary sanctions and/or
> dismissal of the complaint."

So Plaintiff was put on notice that sanctions could be in her future.  However, in

*Peltz v. Moretti*, 292 Fed.Appx. 475, *5 (6th Cir. 2008), the Sixth Circuit stated:

> "Clear notice is required, and this court has previously held that 'routine
> language in a standard order, warning counsel of possible dismissal as a
> sanction for failure to comply...is not necessarily sufficient prior notice to
> immediately warrant the extreme sanction of dismissal.'" (quoting *Freeland
> v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997)).

Thus, while a warning such as this would support the imposition of sanctions, it

might not sufficiently support the third *Harmon* factor with regard to a dismissal sanction.

## D.    Whether Lesser Sanctions Were Imposed

In *Mulbah v. Detroit Board of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001), the Court

stated that "the sanction of dismissal is appropriate only if...*no alternative sanction* would

protect the integrity of the pretrial process" (quoting *Carter v. City of Memphis*, 636 F.2d

159, 161 (6th Cir. 1980)(emphasis in *Mulbah*). Here, as in *Peltz v. Moretti*, there is

nothing on the record to suggest that any lesser sanctions were considered or imposed.

As Magistrate Judge Scheer stated in *Easton Sports, Inc. v. Warrior LaCrosse, Inc.*, 2006 WL 2811261, *5 (E.D.Mich. 2006), "Justice requires that any sanction imposed be proportionate to the circumstances." Because of the bad faith that Plaintiff has exhibited, she must be sanctioned.  Notwithstanding that bad faith, however, and in view of all the *Harmon* factors, dismissal would be excessive, and lesser sanction are appropriate at this time. This is particularly so because Plaintiff now has an attorney who, the Court hopes, will be able to impart some order on what has to date been Plaintiff's chaotic approach to this case.  And if, going forward, Plaintiff chooses not to cooperate with her attorney and continues to stonewall Defendants' discovery, the axe can fall and this case can be dismissed.

### E.    Costs and Attorney Fees

Plaintiff's bad faith disregard of her discovery obligations and the orders of this Court has created an unnecessary consumption of time and expense on the part of the Plaintiffs, not to mention the strain it has put on this Court's resources. Fed. R. Civ. P. 37(b)(2)(C) provides that in addition to any other sanctions that may be imposed,

> "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

*See also PML North America, LLC v. Hartford Underwriters Ins. Co.*, 2006 WL 3759914, *6 (E.D.Mich.2006), and cases cited therein, discussing district court's power to impose monetary sanctions under its inherent authority as well as Rule 37.

-10-

I recommend that lieu of dismissal, monetary sanctions be imposed against Plaintiff.

## IV.    CONCLUSION

I recommend that insofar as Defendants request dismissal, their motion [ECF No. 88] be DENIED.

Instead, I recommend that as a motion for sanctions, it be GRANTED IN PART, and that the Court order the following:

(1) That pursuant to  Fed. R. Civ. P. 37(b)(2)(C), Plaintiff be ordered to pay to Defendants their reasonable costs and attorney fees expended in bringing this motion.

(2) That Defendants submit a bill of costs to the Court, and that Plaintiff be given 14 days to file a response to the bill of costs.

(3) That within 14 days of a final order on the present motion, attorneys for the parties be ordered to meet and confer in person regarding Defendants' outstanding discovery requests, and that Plaintiff be ordered to fully respond to Defendants' outstanding discovery requests within 14 days after that meeting.

(4) That upon receipt of the outstanding discovery, Defendants be permitted to re-depose the Plaintiff.

(5) That Plaintiff be warned in no uncertain terms that her failure to comply with the Court's order or with any discovery order *will* result in the dismissal of her complaint.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen_____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2020

-12-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on February 17, 2020, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla          </u>
Case Manager to the
Honorable R. Steven Whalen

-13-