UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

    Plaintiff,

v.

KELLY SERVICES, INC.,
JOHN NICHOLSON,
TRACI HOPPER,
DAVID EAGER,
RICK PATTERSON, and
BERNADETTE KING,

    Defendants.

Case No. 15-cv-13511
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## ORDER ACCEPTING REPORT AND RECOMMENDATION [98] AND GRANTING IN PART MOTION TO DISMISS [88]

Before the Court is Executive Magistrate Judge R. Steven Whalen's February 18, 2020, Report and Recommendation. (ECF No. 98.) At the conclusion of his report, Magistrate Judge Whalen notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 98, PageID.1293.) It is now March 16, 2020. As such, the time to file objections has expired. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-

appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that Defendants' motion (ECF No. 88), insofar as it seeks dismissal, is DENIED. But the motion is GRANTED as follows:

(1) pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff shall pay Defendants their reasonable costs and attorney's fees expended in bringing this motion;

(2) Defendants shall submit a bill of costs to the Court, and Plaintiff has 14 days to file a response to the bill of costs;

(3) within 14 days of this order, attorneys for the parties are to meet and confer in person regarding Defendants' outstanding discovery requests, and Plaintiff must fully respond to Defendants' outstanding discovery requests within 14 days after that meeting;

(4) upon receipt of the outstanding discovery, Defendants may re-depose Plaintiff;

(5) Plaintiff is unequivocally warned that her failure to comply with this order or with any discovery order *will* result in the dismissal of her complaint.

SO ORDERED.

Dated: March 17, 2020

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE